﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 200213-62561
DATE: June 30, 2020

ORDER

Entitlement to a rating in excess of 0 percent for ganglion cyst of the left ankle is denied.

Entitlement to an effective date earlier than April 9, 2019 for the award of service connection for traumatic brain injury (TBI) is denied.

FINDINGS OF FACT

1. Ganglion cyst of the left ankle caused characteristic lesions involving less than 5 percent of the entire body with are no painful and unstable cysts or scars.

2. Service connection for residuals of dental trauma (as broken teeth and several pulled teeth) was denied in a January 2008 rating decision and that decision is final.

3. On April 9, 2019, the RO received an intent to file a claim form and an application for entitlement to service connection for TBI was received within one year of the intent to file form.

CONCLUSIONS OF LAW

1. The criteria for a rating of 10 percent for ganglion cyst of the left ankle have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1–4.7, 4.118, Diagnostic Codes 7804, 7806.

2. The criteria for an effective date earlier than April 9, 2019 for service connection for TBI have not been met. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 2000 to January 2001, from March 2004 to August 2005, and from July to November 2009. The Veteran had a period of Active Duty for Special Work (ADSW) from June 2010 to November 2011. The Veteran had active duty for training from March to October 2003, April to August 2007, and July to November 2009.

This appeal stems from a January 2019 rating decision. The appeal is under the provisions of the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with a Department of Veterans Affairs (VA) decision to seek review. In February 2020, the Veteran elected the modernized review system by submitting a Decision Review Request: Board Appeal (Notice of Disagreement (NOD)) Form 10182. 38 C.F.R. § 19.2(d). The Veteran selected direct review by a Veterans Law Judge without a hearing. The Board decision is consistent with the new AMA framework.

Both the February 2020 NOD and the April 2020 Appellant’s Brief also listed that the Veteran wished to appeal a dental claim. However, the Veteran sought to withdraw the claim for residuals of dental trauma and this appeal was dismissed in a Board decision dated in May 2020.

1. Ganglion cyst of the left ankle

The Veteran states a 10 percent rating is warranted for ganglion cyst of the left ankle, as it is painful and unstable, analogous to the diagnostic code for scars. See February 2020 Notice of Disagreement. The Veteran is rated under diagnostic code 7806 since July 15, 2019, with a noncompensable rating. The Veteran is separately rated for left ankle sprain with instability, which is not on appeal.

Ratings Principles

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule), found in 38 C.F.R., Part 4. The ratings are intended to compensate impairment in earning capacity due to a service-connected disease or injury. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. 

If the evidence for and against a claim is an equipoise, the claim will be granted. A claim will be denied only if the preponderance of the evidence is against the claim. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinksi, 1 Vet. App. 49, 56 (1990). Any reasonable doubt regarding the degree of disability is resolved in favor of the Veteran. 38 C.F.R. § 4.3. Where there is question as to which of the two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

Staged ratings, however, are appropriate when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007).

The determination of whether an increased evaluation is warranted is based on review of the entire evidence of record and the application of all pertinent regulations. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

The analysis below focuses on the most salient and relevant evidence and on what this evidence shows or fails to show. The Veteran should not assume that the Board has overlooked pieces of evidence that are not specifically discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000). 

Schedule of Ratings - Skin

Under the current diagnostic code, for 10 percent, at least 5 percent, but less than 20 percent, of the entire body, or at least 5 percent, but less than 20 percent, of exposed areas affected, or intermittent systemic therapy such as corticosteroids or other immunosuppressive drugs required for a total duration of less than six weeks during the past 12-month period warrants a 10 percent rating. With 20 to 40 percent of the entire body or 20 to 40 percent of exposed areas affected, or systemic therapy such as corticosteroids or other immunosuppressive drugs required for a total duration of six weeks or more, but not constantly, during the past 12-month period a 30 percent rating is warranted. More than 40 percent of the entire body or more than 40 percent of exposed areas affected, or constant or near- constant systemic therapy such as corticosteroids or other immunosuppressive drugs required during the past 12-month period warrants a 60 percent rating. 38 C.F.R. § 4.118, Diagnostic Code 7806.

Ratings for scars include a 10 percent rating for one or two scars that are unstable or painful. Three or four painful or unstable scars warrant a 20 percent rating, and five or more painful or unstable scars warrant a 30 percent rating. 38 C.F.R. § 4.118, DC 7804. DC 7805 provides that scars are to be evaluating based on their disabling effects. Note (1): An unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar. Note (2): If one or more scars are both unstable and painful, add 10 percent to the evaluation that is based on the total number of unstable or painful scars. Note (3): Scars evaluated under diagnostic codes 7800, 7801, 7802, or 7805 may also receive an evaluation under this diagnostic code, when applicable

A VA examination of the skin dated in December 2019. The Veteran had left ankle ganglion cyst covering less than 5 percent of total body area and no exposed area. The examiner noted less than one percent of the total body is covered. There were no other symptoms, including scarring. The examiner specifically noted that a question regarding scars, requiring a measurement of any related scars found on examination, was not applicable (N/A). 

Treatment records make no mention of scar due to ganglion cyst.

The Veteran is competent to report pain. He reports he believes pain is due to ganglion cyst. Further, he argues the cyst is unstable, warranting a 10 percent rating. The Veteran’s lay statement regarding the cause of pain do not themselves state why he believes pain is due to cyst as opposed as due to any other ailment. There is no showing of instability of cyst and a medical examiner could not identify any scars on the Veteran and treatment records do not report any scarring due to ganglion cyst or that cyst is unstable. There is no showing of frequent loss of covering of skin over the cyst. To the extent the Veteran argues painful and unstable scars or cyst, such is not credible. 

As a result, the criteria for a compensable rating for this disability are not met or more nearly approximated. VA examinations reflect that there is ankle limitation of motion and other findings, due to a separate disability and subject to compensation, and not currently on appeal. The only pertinent finding regarding cyst was ganglion cyst covering less than 5 percent of total body area and covering no exposed area with no scars. In view of the above, the Board finds that the disability is appropriately rated based on the lack of unstableness. The treatment and examination record confirm this. Accordingly, an increased evaluation is not warranted.

The Board emphasizes that examination reflected that no scar was observed and questioning related to scarring was specifically reported as not applicable. To the extent that the Veteran has painful and unstable cyst, none have been identified by the examiner responsible with assessing the manifestations of the disorder or in any medical records. The findings of this trained medical professional are more probative on this issue than those of the Veteran. Thus, the Board concludes no painful and unstable scars or cyst exist. The preponderance of the evidence does not show that a higher rating is warranted.

2. Effective date for TBI 

The current effective date for TBI is April 9, 2019. The Veteran contends his TBI effective date should be the day after he left service in 2005, as he filed a claim for compensation for tooth damage (broke teeth and several teeth pulled) within one year of separating from service, that his teeth were broken in Afghanistan around September 2004 due to hand-to-hand combat, and that the TBI residuals are due to the same event in September 2004 as the dental trauma. The Veteran contends that the claim for service connection for dental trauma remained pending since the claim was denied in a rating decision which relied upon an inadequate dental examination. A February 2019 Brief in Support making this argument relies extensively on Delisio v. Shinseki, 25 Vet. App. 45 (2011). As already noted, the claim for readjudication of service connection for dental trauma was dismissed. 

Finality

During the applicable time, the relevant statute read as follows: Appellate review shall be initiated by the filing of a notice of disagreement. 38 U.S.C. § 7105. Notice of disagreement shall be filed within one year from the date of mailing of notice of the result of initial review or determination. Id. Such notice, and appeals, must be in writing and be filed with the entity which entered the determination with which disagreement is expressed. Id. A notice of disagreement postmarked before the expiration of the one-year period will be accepted as timely filed. Id. If no notice of disagreement is filed in accordance with this chapter within the prescribed period, the action or determination shall become final. Id. 

New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed, will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 38 C.F.R. § 3.156. New evidence means existing evidence not previously submitted to agency decision makers. Id. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. Id. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. Id.

The Veteran’s claim for service connection for broken teeth and several teeth pulled was denied in a rating decision in November 2007. After additional documents were submitted, the claim was again denied in a rating decision in January 2008. Notice was sent in February 2008. A deferred rating decision dated in May 2008 notes that additional service treatment records from the National Guard had been received but were duplicative of those already submitted by the Veteran. The Veteran was notified by letter the same month.

The Veteran submitted no additional evidence in the following year as well as no NOD. The January 2008 rating decision became final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. 

The Veteran had additional service post the rating decision, but review of the service treatment records shows VA did not receive or associate with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim. 38 C.F.R. § 3.156(c). None of the other exceptions to finality apply.

Regarding the argument that the claim for residuals of dental trauma is still pending and TBI should be considered as part of the same claim and likewise pending, the Veteran’s dental claim was denied, and such subsequently became final. The Veteran also has filed an application for readjudication of the dental claim (which was never reopened based on new and material or new and relevant evidence), but he subsequently withdrew the claim. See May 2020 Board decision. Therefore, the claim for an earlier effective for TBI based on a non-final dental claim is denied.

Effective date

38 U.S.C. § 5110(a) states unless specifically provided otherwise, the effective date of an award based on an initial claim, or a supplemental claim, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. See also 38 C.F.R. § 3.400.

The Veteran submitted an intent to file form on April 9, 2019. Therefore, under § 5110, the effective date may be no earlier than the date of claim (here, the intent to file). An Application for Disability Compensation and Related Compensation Benefits for TBI was received in May 2019. There is no evidence that would support an earlier effective date and, therefore, the evidence is against the claim. The claim for an earlier effective date is denied.

Lastly, the Board has considered the potential applicability of 38 U.S.C. § 5110(g). In general, a liberalizing law or VA issue may provide a basis for an earlier effective date if all criteria were met as of the date of the liberalizing law or VA issue. 38 C.F.R. § 3.114. Here, residuals of TBI were not identified until after TBI was added to the rating schedule. Therefore, the provisions relating to a liberalizing law of VA issue are not applicable. 

 

 

H. N. SCHWARTZ

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. Yoffe, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.